Dear Ms. Collins:
You advise this office that you currently hold full-time employment with the Pointe Coupee Parish Clerk of Court's office. You ask if you may legally hold the elective office of member of the Pointe Coupee Parish School Board in District A. Unfortunately, state law prohibits you from holding both positions concurrently.
R.S. 42:63D of our state's Dual Officeholding and Dual Employment law provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
(Emphasis added).
Thus, one holding an office or employment with the clerk of court may not hold the office of school board member. Attached is a copy of Attorney General Opinion 87-170, in which the author issues the same conclusion.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ______________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 2 
 March 16, 1987 OPINION NUMBER 87-170
 10. . .CLERKS OF COURT — Compensation Fees;
 Powers Duties; General
 78. . .OFFICERS — DUAL OFFICE HOLDING
 Ms. Candace T. Dufrene 94. . .SCHOOLS SCHOOL DISTRICTS — Administration,
 Deputy Clerk of Court Government Officers
 Post Office Box 792
 Port Sulphur, Louisiana 70083 School board member may not hold office
 or employment with clerk of court.
 R.S. 46:63D

Dear Ms. Dufrene:
You have asked whether a person who is employed as a deputy clerk of court may be a member of a parish school board, provided the person would forego acceptance of any compensation paid by the school board.
We must answer your question in the negative. R.S. 42:63D provides, ". . . . . nor shall any member of any. . . . . school board hold any office or employment with any. . . . . clerk of court."
R.S. 42:61A states in part:
 The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public official or employees holding two or more public offices or public jobs.
The nonacceptance of compensation has no effect upon the clear language of the prohibition contained in Section 63D quoted above.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _______________________________ KENNETH C. DEJEAN Chief Counsel